UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MANNING

| | |
|---|---|
| *RB&W MANUFACTURING LLC, by merger Successor of RB&W Corporation*<br>*Plaintiff*<br>v.<br>*WILLIAM McKINLEY BUFORD III*<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE LEVIN

No. 02C 8853

DOCKETED
DEC 10 2002

**COMPLAINT FOR CONFESSION OF JUDGMENT**

Plaintiff RB&W Manufacturing LLC, by its attorneys Johnson & Bell, Ltd., for its Complaint for Confession of Judgment against Defendant William McKinley Buford III, avers as follows:

1.  RB&W Manufacturing LLC brings this action against William McKinley Buford III for confession of judgment and other relief from Mr. Buford, arising from an Agreement between the parties and a Promissory Note signed and delivered to RB&W by Buford.

**JURISDICTION AND VENUE**

2.  This court has subject matter jurisdiction of this complaint in that it is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. 1332

3.  This court has authority to declare and enter judgment on the rights and liabilities of the parties, and order appropriate relief thereon, pursuant to 28 U.S.C. 2001, 2002.

4.  Venue is proper in this judicial district in that William McKinley Buford III resides within the Northern District of Illinois. 28 U.S.C. 1391(a).

5. This court has personal jurisdiction over William McKinley Buford III because Buford resides within the State of Illinois. 735 Illinois Compiled Statutes 5 / 2 – 209(b)(2).

## PARTIES

6. Plaintiff RB&W Manufacturing LLC is by merger the successor of RB&W Corporation. RB&W Manufacturing LLC is a citizen of Ohio, where its principal place of business is located at 23000 Euclid Avenue, Euclid, Ohio 44117.

7. Defendant William McKinley Buford III is a citizen of the State of Illinois, and resides at 4840 South Cornell Avenue, Chicago, Cook County, Illinois 60615.

## ALLEGATIONS AGAINST MR. BUFORD

8. On or about August 15, 1993, William McKinley Buford III promised to pay $800,000 to RB&W, as evidenced by a certain Promissory Note (the "Old Note"). The Old Note had a maturity date of August 15, 1998.

9. Mr. Buford's assumption of the $800,000 obligation to RB&W represented his capital investment in Capital Fastener Inc. and Capital Bolt Inc., each of which Buford was Chairman and Chief Executive Officer, and which together had purchased certain assets of the ongoing business of RB&W. The $800,000 obligation does not arise from a consumer loan or a consumer transaction within the meaning of Ohio Revised Code 2323.13(E)(1), (2).

10. Subsequently, Buford expressed a desire to extend the maturity date of the Old Note to April 15, 2000.

11. By signed Agreement dated December 20, 1996, RB&W agreed to cancel the Old Note, and Buford agreed to sign and deliver to RB&W a Promissory Note in the amount of $800,000, with the new maturity date of April 15, 2000. A true copy of the signed Agreement is attached as Exhibit A, and incorporated by reference as though set forth fully herein.

12. The Promissory Note in the amount of $800,000 with the new maturity date of April 15, 2000 (the "New Promissory Note") was signed by Buford in Illinois and delivered to RB&W in Ohio. A true copy of the signed New Promissory Note is attached as Exhibit B, and incorporated by reference as though set forth fully herein.

13. The New Promissory Note provides that:

> [T]he entire principal balance, together with all unpaid accrued interest thereon, shall be due in full and payable on April 15, 2000.

14. The New Promissory Note also provides that after April 15, 2000:

> [T]he principal balance and any unpaid accrued interest shall bear interest at a rate per annum three percent (3%) above the rate which would otherwise have been in effect from time to time, but in no event less than the rate applicable thereto at maturity.

15. Defendant Buford failed to pay RB&W the New Promissory Note's principal and interest on April 15, 2000, and has failed to pay the interest accrued since April 15, 2000.

16. While the New Promissory Note provides that "[p]resentment, notice of dishonor, and protest are hereby expressly waived by Borrower [Buford]," RB&W since April 15, 2000 has attempted to resolve with Buford his indebtedness to RB&W, to no avail.

17. Buford's failures and refusals to pay continue to the present time, and the amount of principal due RB&W and remaining unpaid is $800,000, with interest accrued and unpaid through November 30, 2002 of $875,202.

18. The New Promissory Note contains the following warrant of attorney and confession of judgment clause:

> The undersigned authorizes any attorney at law at any time or times after the maturity hereof (whether maturity occurs by lapse of time or by acceleration) to appear in any state or federal court of record in the United States of America, to waive the issuance and service of process, to admit the maturity of this note and the nonpayment thereof when due, to confess judgment against the undersigned in favor of the holder of this Note for the amount then appearing due, together with

3

## AGREEMENT

This Agreement, made as of December 20, 1996, between RB&W Corporation, a Delaware corporation ("Lender"), and William McKinley Buford, III, an individual ("Borrower").

PRELIMINARY STATEMENTS:

A. Lender loaned Borrower $800,000 on August 15, 1993 (the "Loan") which Loan was evidenced by a certain Promissory Note dated August 15, 1993 (the "Old Note"). The Old Note has a Maturity Date of August 15, 1998.

B. Borrower is the owner of 600 shares of the issued and outstanding capital stock (the "Stock") of Reliant Enterprises, Inc., an Illinois Corporation ("Enterprises") which owns 100% of all issued and outstanding shares of Reliant Holdings, Inc., a Michigan corporation ("Holdings"), which in turn owns 100% of all issued and outstanding shares of Capital Fastener Inc. dba Reliant Industries, Inc., a Michigan Corporation ("Reliant"). Pursuant to the Agreement between Lender and Borrower dated August 15, 1993, Borrower agreed not to sell or otherwise encumber the Stock.

C. Borrower desires to extend the Maturity Date of the Old Note to April 15, 2000.

D. As a condition precedent to Lender's agreement to extend the Maturity Date, Borrower has agreed not to sell or otherwise encumber the Stock.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. Borrower agrees to deliver Borrower's Promissory Note in the original principal amount of $800,000 (the "New Note"), bearing interest and due and payable as therein provided. Contemporaneously, Lender agrees to deliver the Old Note stamped canceled.

2. Borrower agrees that so long as the New Note remains outstanding and has not been satisfied by payment in full Borrower shall not without the prior written consent of Lender, sell, transfer, assign, dispose of, hypothecate, pledge, encumber, create a security interest in, or subject to lien, any shares of Stock now held or hereafter acquired by Borrower and shall not without the prior written consent of Lender allow the capital stock of Holdings or Reliant to be sold, transferred, assigned, disposed of, hypothecated, pledged, encumbered, subject to a security interest or lien.

3. Borrower hereby agrees that if at any time while the New Note remains unpaid (I) Borrower shall breach the agreement contained in Section 2 of this Agreement, (ii) the capital structure as described in Paragraph B above changes in any way, including without limitation if Borrower's ownership interest in Enterprises shall be reduced to below 60% or Borrower's indirect ownership in Holdings or Reliant shall be reduced to below 60%, (iii) Reliant sells, leases or

**EXHIBIT A**

## PROMISSORY NOTE

$800,000.00

Cleveland, Ohio
August 15, 1993

  FOR VALUE RECEIVED, the undersigned WILLIAM MCKINLEY BUFORD, III (the "Borrower") promises to pay on April 15, 2000, to the order of RB&W CORPORATION, a Delaware corporation, whose principal office is located at 23000 Euclid Avenue, Cleveland, Ohio 44117 (the "Lender"), the principal sum of EIGHT HUNDRED THOUSAND AND 00/100 DOLLARS, plus interest thereon from August 15, 1993 until maturity at a rate per annum equal to the prime rate of interest as stated at the end of each month during the term hereof by National City Bank, Cleveland, Ohio. Unless extended in writing by Lender, the entire principal balance, together with all unpaid accrued interest thereon, shall be due in full and payable on April 15, 2000 (the "Maturity Date"). All computations of interest hereunder shall be made on the basis of a year of 365 days for the actual number of days elapsed. Principal and all unpaid accrued interest thereon shall be due and payable at the address of Lender set forth above.

  After the Maturity Date, the principal balance and any unpaid accrued interest shall bear interest at a rate per annum three percent (3%) above the rate which would otherwise have been in effect from time to time, but in no event less than the rate applicable thereto at maturity.

  This Note may be prepaid, in whole or in part, at any time or from time to time, without premium or penalty. Any and all such prepayment(s) shall be applied first to unpaid interest and then to the then-outstanding principal balance hereof.

  The waiver by Lender of any of the terms and conditions hereof shall not affect the right or remedy of Lender for any future breach. Presentment, notice of dishonor, and protest are hereby expressly waived by Borrower and any guarantor hereof. This Note shall be binding upon the parties and their respective heirs, executors, administrators and successors.

  This Note is governed by and shall be construed in accordance with the laws of the State of Ohio.

  The undersigned authorizes any attorney at law at any time or times after the maturity hereof (whether maturity occurs by lapse of time or by acceleration) to appear in any state or federal court of record in the United States of America, to waive the issuance and service of process, to admit the maturity of this note and the nonpayment thereof when due, to confess judgment against the undersigned in favor of the holder of this Note for the amount then appearing due, together with interest and costs of suit, and thereupon to release all errors and to waive all rights of appeal and stay of execution. The foregoing warrant of attorney shall

EXHIBIT B

survive any judgment, and if any judgment be vacated for any reason, the holder hereof nevertheless may thereafter use the foregoing warrant of attorney to obtain an additional judgment or judgments against the undersigned.

BORROWER

*William M. Buford* (signature)

William McKinley Buford, III

"WARNING -- BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT OR ANY OTHER CAUSE."

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

DOCKETED
DEC 1 0 2002

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** RB&W MANUFACTURING LLC, by merger Successor to RB&W Corporation

**Defendant(s):** WILLIAM McKINLEY BUFORD III

**County of Residence:** Cuyahoga County, Ohio

**County of Residence:**

**Plaintiff's Atty:** Daniel C. Murray
Johnson & Bell. Ltd.
55 East Monroe, Suite 4100
Chicago, IL 60603-5896
312 984 0226

**Defendant's Atty:**

02C 8853
JUDGE MANNING
MAGISTRATE JUDGE LEVIN

FILED-ED5  02 DEC -6 PM 4:24  CLERK U.S. DISTRICT COURT

**II. Basis of Jurisdiction:** 4. Diversity (complete item III)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
    Plaintiff: - 2 Citizen of Another State
    Defendant: - 1 Citizen of This State

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 190 Other Contract

**VI. Cause of Action:** 28 USC 1332 Complaint for Confession of Judgment on Promissory Note

**VII. Requested in Complaint**
    Class Action: No
    Dollar Demand:
    Jury Demand: No

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** Daniel Murray

**Date:** December 6, 2002

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm     12/5/02

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

RB&W MANUFACTURING LLC, by merger Successor of RB&W Corporation
v.
WILLIAM McKINLEY BUFORD III

**JUDGE MANNING**

DOCKETED DEC 1 0 2002

Case Number: 02C 8853

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, RB&W MANUFACTURING LLC, by merger Successor of RB&W Corporation

| (A) | (B) |
|---|---|
| SIGNATURE: Daniel Murray | SIGNATURE: |
| NAME: Daniel C. Murray | NAME: |
| FIRM: Johnson & Bell, Ltd. | FIRM: |
| STREET ADDRESS: 55 East Monroe, Suite 4100 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60603-5896 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312 372 0770 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 1999524 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED-EDS 02 DEC -6 PM 4:24 CLERK U.S. DISTRICT COURT