ute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8853 | **DATE** | 11/3/2004 |
| **CASE TITLE** | RB&W Manufacturing vs. William Bufford, III | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, plaintiff's motion for summary judgment is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NOV 0 4 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 50 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2004 NOV -4 AM 8:13 | NOV 0 4 2004 date mailed notice | |
| MW | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RB&W MANUFACTURING LLC by )
merger Successor of RB&W Corporation, )
)
Plaintiff, )
)
v. ) No. 02 C 8853
)
)
WILLIAM M. BUFORD III, )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff RB&W Manufacturing L.L.C.'s ("RB&W") motion for summary judgment. For the reasons below, we deny summary judgment.

NOV 0 4 2004

## BACKGROUND

RB&W is a company with its principle place of business in Ohio. Defendant William McKinley Buford III ("Buford") is a resident of Illinois and is the former Chairman and CEO of Reliant Enterprises, Inc. ("Reliant"). Corporations named Reliant Holdings, Inc., and Capital Fasteners, Inc. are both wholly owned

1

50

subsidiaries of Reliant. Reliant purchased Capital Fasteners, Inc. from RB&W in August of 1993. Part of the agreement included Reliant placing $1,000,000 of the purchase price into escrow with National City Bank of Cleveland, Ohio. This money was to be a reserve for any environmental expenses that may arise for Capital Fasteners, Inc. The rest of the purchase price was to be paid by way of a promissory note. On August 15, 1993, Buford promised to pay $800,000 to RB&W, through a promissory note that was to mature on August 15, 1998.

On December 20, 1996, Buford and Reliant negotiated with RB&W to extend the maturity date of the promissory note to April 15, 2000. The New Promissory note with the new maturity date is signed by Buford and provided that, "the entire principal balance, together with all unpaid accrued interest theron, shall be due in full and payable on April 15, 2000." It is not disputed that Buford failed to pay RB&W the New Promissory Note's principal by April 15, 2000.

The New Promissory Note also contained the following warrant of attorney and confession of judgment clause:

> The undersigned authorizes any attorney at law at any time or times after the maturity hereof (whether maturity occurs by lapse of time or by acceleration) to appear in any state or federal court of record in the United States of America, to waive the issuance and service of process, to admit the maturity of this note and the nonpayment thereof when due, to confess judgment against the undersigned in favor of the holder of this Note for the amount then appearing due, together with interest and costs of suit, and thereupon to release all errors and to waive all rights of appeal and stay of execution. The foregoing warrant of attorney shall survive any judgment, and if any judgment be vacated for any reason, the holder hereof nevertheless may thereafter use the foregoing warrant of attorney to obtain an additional judgment or

judgments against the undersigned.

In July 2000, meetings occurred between Buford, representatives of Reliant, representatives of RB&W, and a representative of Park-Ohio Industries (who had acquired RB&W prior to 2000). The New Promissory note was discussed and a new agreement was reached. Under the New Agreement, Reliant replaced Buford as the obligor under the promissory note. In addition, funds from the $1,000,000 held in escrow were to be released in order to cover the remaining purchase price. On August 4, 2000, RB&W received payment in the amount of $189,870.95 released from the escrow account. One month later, an additional $10,129.05 was paid from the escrow account to RB&W. In March 2001, Reliant made a payment of $40,000 to RB&W to cover interest for the period from July 11, 2000 through February 28, 2001. In July 2001, Reliant made a payment to RB&W in the amount of $25,666.67. To this date, payments received on the principal balance of $800,000 equal $250,000, and $41,166.67 has been paid toward interest accrued. There remains $550,000 due on the principal plus accrued interest.

RB&W brought this suit for confession of judgment on December 6, 2002, invoking the warrant of attorney and confession of judgment clause contained within the promissory note. RB&W moved the court for a default judgment against the defendant, which was granted. Buford then filed a motion to vacate default judgment and for leave to file answer instanter, which was also granted. In Buford's answer he asserted eight affirmative defenses. RB&W did not file an answer to

3

those eight affirmative defenses. RB&W seeks summary judgment due to defendant's default on payments and to the warrant of attorney and confession of judgment clause contained in the promissory note. RB&W moves the court to enter a judgment in its favor, awarding it the outstanding principal, all accrued interests, and costs of suit.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."*Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."*Anderson v. Liberty, Inc.*, 477 U.S. 242, 248 (1986);*Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co*, 212 F.3d 969, 972 (7th Cir. 2002).

## DISCUSSION

The main facts of this case are not in dispute. Both parties have admitted that old and new promissory notes were entered into with a principal balance of $800,000. The old promissory note was to be due on August 15, 1998. The New Promissory note extended that maturity date to April 15, 2000. It is also not disputed that Buford failed to make any payments on the principal balance before its maturity date of April 15, 2000.

I. Cognovit Note

The promissory note, both old and new, contained a warrant of attorney and confession of judgment clause or what is known as a cognovit note. Under Ohio law a congnivit note is "a legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the

appearance, on the debtor's behalf, of an attorney designated by the holder." *Medina Supply Co. v. Corrado*, 689 N.E.2d 600, 603 (Ohio App. Ct. 1996)(quoting *D.H. Overmyer Co. v. Frick Co.* 405 U.S. 174 (1972)). A judgment on a cognovit note is generally entered pursuant to a warrant of attorney which "consented to by a debtor provides for waiver of prejudgment notice and hearing." *Fogg v. Friesner*, 562 N.E.2d 937, 939 (Ohio App. Ct. 1988). Under Ohio Law, a cognovit note must comply with the standards set forth in Ohio Revised Code ("ORC") 2323.13 which suggests the proper language that should be employed in a cognovit note and further requires: 1) that a warning, in language the statute dictates, appear within the promissory note, notifying the debtor of its existence, 2) that notice be given to the debtor upon entry of judgment, and 3) that all consumer loans and consumer transactions are thus excluded from the purview of this statute. The cognovit note contained with the promissory note in the instant action complies with all the requirements set forth in ORC 2323.13.

A defendant who seeks relief "from a judgment taken upon a cognovit note need only establish (1) a meritorious defense and (2) that the motion was timely made." *Medina Supply Co.*, 689 N.E.2d at 603. In the instant action, while a default judgment was entered by Judge Holderman, the prior judge in this action, against Buford on January 22, 2003, the default judgment was vacated by Judge Holderman on March 31, 2003. Buford was also granted leave to answer RB&W's complaint for confession of judgment and Buford presented eight affirmative defenses in his

answer. Thus, Buford entered a timely motion to vacate judgment and has presented valid defenses. Therefore, the warrant of attorney and confession of judgment clause or cognovit note are no longer applicable in this action.

## II. Alleged Novation and Other Affirmative Defense Issues

Buford included in his answer to the complaint several affirmative defenses, one of which was that a novation occurred, thereby relieving Buford of his obligation to RB&W. Buford contends that there are legitimately disputed facts involved in the determination of whether or not a novation occurred that prevent a finding in favor of RB&W as a matter of law. Buford stated under oath in the instant action that he negotiated a novation in Cleveland, Ohio in July 2000 with officers of RB&W and that under the new agreement, Reliant was substituted for Buford as the debtor.

We shall not address RB&W's arguments pertaining to the novation issue or any other issue pertaining to one of Buford's affirmative defenses. RB&W had the burden to explain to the court in its motion for summary judgment why it is entitled to judgment as a matter of law. However, in its motion RB&W completely ignored the affirmative defenses listed in Buford's answer to the complaint. All Buford really needed to do in response to the instant motion is to point out his affirmative defenses included in his answer and point out that the issues were not addressed in RB&W's motion.

RB&W argues that it did not need to address the defenses since the defenses were affirmative defenses, Buford had the burden to prove them. Such an argument is without merit. The burden of proof has nothing to do with a movant's obligation to address contested issues in a motion for summary judgment. Regardless of who bears the ultimate burden on proving the defenses, if RB&W contends that it is entitled to judgment as a matter of law then it must show the court why that is so in its motion and accompanying memorandum. *See Ruff v. Partner's Liquidating Trust*, 2001 WL 893820, at *8 n.11 (N.D. Ill. 2001)(holding that summary judgment movant could not seek summary judgment on the issues regarding the affirmative defenses because the arguments were not presented until the movant's reply brief).

The first of Buford's first affirmative defenses states specifically that Buford was relieved from his obligation because a novation occurred. By ignoring the affirmative defenses in its summary judgment motion, RB&W's motion is facially defective. Also, by ignoring the affirmative defenses RB&W was able to hold off on presenting its arguments pertaining to a novation until its reply brief and was thus able to prevent Buford from submitting a response to RB&W's novation arguments. RB&W's motion should be able to stand on its own and should indicate why it is entitled to judgment as a matter of law and RB&W cannot attempt to first address key disputed issues in its reply, particularly when it had clear notice of Buford's position. Whether it was due to RB&W's lack of preparation or it was an attempt at motion strategy to deny Buford an opportunity to respond to RB&W's novation

arguments, RB&W's untimely arguments are improper. In addition to it being unfair to Buford, RB&W's conduct has left the court without a complete briefing on the novation issue. RB&W had express notice of Buford's novation position in Buford's answer and RB&W's failure to address the issues in its motion is inexcusable. RB&W acknowledges in its reply that "all of the affirmative defenses are premised upon defendant's contention of a novation." (Reply 2.). Yet there is not one mention of the novation issue in RB&W's motion for summary judgment or accompanying memorandum. *See Aliwoli v. Gilmore*, 127 F.3d 632, 635 (7th Cir. 1997)(quoting *United States v. Feinberg*, 89 F.3d 333, 340- 41 (7th Cir.1996) for statement that "[t]he reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *Weizeorick v. ABN AMRO Mortgage Group, Inc.*, 2004 WL 1880008, at *2 (N.D. Ill. 2004)(holding that "[i]t is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond."); *Drwiega v. Infrared Testing, Inc.*, 2004 WL 1427099, at *2 (N.D. Ill. 2004)(stating that "[a] party cannot 'circumvent the adversarial process by raising new arguments in [a] reply.'")(quoting *Parillo v. Commercial Union Insurance Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996)); *Stark v. PPM America, Inc.*, 2002 WL 31155083, at *7 (N.D. Ill. 2002)(stating that the movant "cannot raise new arguments or legal theories in his reply brief."); *Ty, Inc. v. Jones Group, Inc.*, 2001 WL 1414232, at *2 (N.D. Ill. 2001)(stating that "a reply brief is not the appropriate vehicle for presenting new

arguments or legal theories to the court."). RB&W's first attempt to address the novation issue was in its reply brief, thereby depriving Buford of an opportunity as the non-movant to respond to RB&W's novation arguments. Such gamesmanship is improper. Therefore, we deny RB&W's motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny RB&W's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2004