IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RB&W MANUFACTURING LLC,  )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 02 C 8853
                          )
                          )
WILLIAM M. BUFORD III,    )
                          )
        Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff RB&W Manufacturing L.L.C.'s ("RB&W") second motion for summary judgment. For the reasons below, we grant the second motion for summary judgment in its entirety.

## BACKGROUND

RB&W is a company with its principle place of business in Ohio. Defendant William McKinley Buford III ("Buford") is a resident of Illinois and is the former Chairman and CEO of Reliant Enterprises, Inc. ("Reliant"). Corporations named Reliant Holdings, Inc., and Capital Fasteners, Inc. are both wholly owned subsidiaries of Reliant. Reliant purchased Capital Fasteners, Inc. from RB&W in

1

August of 1993. Part of the purchase agreement included Reliant placing $1,000,000 of the purchase price into escrow with National City Bank of Cleveland, Ohio. This money was to be a reserve for any environmental expenses that may arise for Capital Fasteners, Inc. The rest of the purchase price was to be paid by way of a promissory note. On August 15, 1993, Buford promised to pay $800,000 to RB&W, through a promissory note that was to mature on August 15, 1998.

On December 20, 1996, Buford and Reliant negotiated with RB&W to extend the maturity date of the promissory note to April 15, 2000. The new promissory note with the new maturity date is signed by Buford and provided that, "the entire principal balance, together with all unpaid accrued interest theron, shall be due in full and payable on April 15, 2000." (Compl. Ex. B). It is not disputed that Buford failed to pay RB&W the New Promissory Note's principal by April 15, 2000.

The New Promissory Note also contained the following warrant of attorney and confession of judgment clause:

> The undersigned authorizes any attorney at law at any time or times after the maturity hereof (whether maturity occurs by lapse of time or by acceleration) to appear in any state or federal court of record in the United States of America, to waive the issuance and service of process, to admit the maturity of this note and the nonpayment thereof when due, to confess judgment against the undersigned in favor of the holder of this Note for the amount then appearing due, together with interest and costs of suit, and thereupon to release all errors and to waive all rights of appeal and stay of execution. The foregoing warrant of attorney shall survive any judgment, and if any judgment be vacated for any reason, the holder hereof nevertheless may thereafter use the foregoing warrant of attorney to obtain an additional judgment or judgments against the undersigned.

(Compl. Ex B). In July of 2000, meetings occurred between Buford, representatives of Reliant, representatives of RB&W, and a representative of Park-Ohio Industries (who had acquired RB&W prior to 2000). The new promissory note was discussed at the meetings and an agreement was reached that funds from the $1,000,000 held in escrow were to be released in order to cover the remaining purchase price. On August 4, 2000, RB&W received payment in the amount of $189,870.95 released from the escrow account. One month later, an additional $10,129.05 was paid from the escrow account to RB&W. In March of 2001, Reliant made a payment of $40,000 to RB&W to cover interest for the period from July 11, 2000 through February 28, 2001. In July of 2001, Reliant made a payment to RB&W in the amount of $25,666.67. To this date, payments received on the principal balance of $800,000 equal $250,000, and $41,166.67 has been paid toward interest accrued. There remains $550,000 due on the principal plus accrued interest. RB&W moved this court for a default judgment against the defendant, which was granted. Buford then filed a motion to vacate default judgment and for leave to file his answer instanter, which was also granted.

RB&W previously filed a motion for summary judgment which we denied, finding that Buford had entered a timely motion to vacate and had presented valid defenses. We also denied RB&W's motion for summary judgment because Buford had plead several affirmative defenses which relied upon Buford's contention that an oral novation had occurred, thereby relieving Buford from his obligations. RB&W

failed to address Buford's novation position and thus we could not find in RB&W's favor since there were genuinely disputed material facts. RB&W has now filed a second motion for summary judgment and has now addressed the novation issue.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."*Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."*Anderson v. Liberty, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2002).

## DISCUSSION

The main facts of this case are not in dispute. Both parties have admitted that old and new promissory notes were entered into with a principal balance of $800,000. The old promissory note was to be due on August 15, 1998. The New Promissory note extended that maturity date to April 15, 2000. It is also not disputed that Buford failed to make any payments on the principal balance before its maturity date of April 15, 2000.

### I. Affidavit and Inferences Based Upon Circumstances

Buford included in his answer to the complaint several affirmative defenses, one of which was that a novation occurred, thereby relieving Buford of his obligation to RB&W. Buford contends that there are legitimately disputed facts involved in the determination of whether or not a novation occurred that prevent a finding in favor of RB&W as a matter of law. Buford stated under oath, in an affidavit in the instant action, that he negotiated a novation in Cleveland, Ohio in

July of 2000 with officers of RB&W and that under the new agreement, Reliant was substituted for Buford as the debtor.

RB&W first argues in its second motion for summary judgment that Buford's affidavit submitted in this action contains only conclusory assertions indicating that a novation occurred and that such evidence is insufficient to create a genuinely disputed issue. We agree. Although a court in ruling on a motion for summary judgment is not allowed to weigh the evidence, *Anderson*, 477 U.S. at 255, the court is required to determine if there is sufficient evidence to present to a trier of fact that would enable a reasonable trier of fact to find in the movant's favor without resorting to speculation. *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586(stating that a "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."). RB&W has pointed to evidence indicating that no novation occurred and that RB&W is entitled to summary judgment and to payment for the amounts owed. In response to RB&W's detailed evidence regarding Buford's contractual obligations, Buford argues that a novation can be implied by certain circumstances. Buford contends, for example, that the termination of the escrow account and payment to RB&W of funds allows for an inference that a novation occurred. Such an inference would be pure speculation. Buford also argues that a novation can be inferred since there was payment and an acceptance of interest and debt payments by Reliant and by the fact that there was a sharp increase in purchases of RB&W products by Reliant after the

alleged novation occurred. Even when taking into consideration all of the above circumstances and Buford's affidavit and supplemental affidavit, it is clear that Buford is merely grasping at straws and is attempting to create the image that there is evidence in his favor when there is none.

The only evidence that Buford points to, other than evidence that would allow inferences based upon certain circumstances, is Buford's affidavit in which he claims that an oral novation occurred. Buford does not present any corroborating evidence to support his assertion, but he contends that a novation can be executed orally, and that his testimony as to the oral novation should be presented before the trier of fact. Buford's affidavit merely states that in July of 2000 he was present at a meeting and in a conclusory fashion indicates that "an oral novation agreement was reached, under which in part Reliant Industries, Inc. would replace me as the obligor upon the existing promissory note in favor of RB&W." (B Affdvt. 9). First of all, Buford may provide facts in an affidavit, but he cannot testify as to legal determinations in this action such as whether a novation occurred. Secondly, we agree with RB&W that Buford is not entitled to go before the trier of fact based on nothing more than the vague assertions regarding an oral novation included in the affidavit.

It is clear that, after RB&W's first summary judgment motion, Buford recognized that there was not sufficient evidence to warrant proceeding on to trial because Buford has now filed a supplemental affidavit. As indicated above, Buford

only avoided a determination on the novation issue in regards to RB&W's first motion for summary judgment because RB&W failed to address the novation issue. Buford, in an effort to bolster his evidence, has now filed a supplemental affidavit regarding the novation issue. He claims that the supplemental affidavit "is more detailed and comprehensive than his prior Affidavit. . . ." (Ans. 1). Buford has supplemented his original affidavit, but his supplement is nothing more than window dressing. The supplement does not change the evidence and it cannot disguise the fact that Buford lacks sufficient evidence to proceed onward in this action. Buford makes references to certain letters in his supplement affidavit, but the letters do not show that a novation occurred. Buford must do more than point to various pieces of evidence and seek various strained inferences to prove his circumstantial case. A reasonable trier of fact may only make reasonable inferences based upon the evidence and the inferences sought by Buford are not reasonable.

II. Novation Elements

RB&W contends that Ohio law applies in the instant action in regards to whether a novation occurred because the parties previously agreed in writing that matters such as those that are at issue in the instant action would be governed by Ohio law. Buford does not contest this point and in fact relies upon Ohio precedent in support of his positions on the novation issue. Under Ohio law, a novation of a contract occurs when "a previous valid obligation is extinguished by a new valid

contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." *Wenner v. Marsh USA, Inc.*, L 826021, at*2-3 (Ohio App. Ct. 2002)(stating that "[i]n order for a novation to occur, there must be a clear and definite intent on the part of all parties to the original contract that the purpose of the second agreement is to effect a novation; to completely do away with the original contractual obligation."). RB&W went into great detail in its second motion for summary judgment explaining why there was insufficient evidence to establish each element necessary for a novation. Buford, on the other hand, avoided any direct response to many of RB&W's arguments. Instead of responding to RB&W's arguments or pointing to the evidence regarding the novation elements that would be presented to the trier of fact, Buford argues that he should be entitled to go before the trier of fact and ask the trier of fact to make inferences based upon vague circumstances and Buford's conclusory allegation that a novation occurred. Buford does not respond, for instance, to RB&W's argument that there is not sufficient evidence that there was sufficient consideration to support a novation. We agree that there is insufficient evidence to create a triable issue in that regard. Likewise there is insufficient evidence that shows that the parties agreed that Buford's debt would be extinguished or that there was a formation of a new contract. Buford acknowledges that he entered into an agreement with RB&W and that he has not honored his contractual obligations. He cannot avoid his obligations by presenting vague allegations regarding a novation and at the summary judgment

stage he is required to point to sufficient evidence that would allow a reasonable trier of fact to find in his favor. Buford has not done so. Therefore, we grant RB&W's second motion for summary judgment in its entirety.

## CONCLUSION

Based on the foregoing analysis, we grant RB&W's second motion for summary judgment in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 7, 2005