

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RB&W MANUFACTURING LLC, )
)
Plaintiff, )
)
v. ) No. 02 C 8853
)
)
WILLIAM M. BUFORD III, )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant William M. Buford III's ("Buford") motion for reconsideration and on Plaintiff RB&W Manufacturing LLC's ("RB&W") motion to amend the judgment. For the reasons stated below, we deny Buford's motion for reconsideration and we deny RB&W's motion to amend the judgment without prejudice.

## BACKGROUND

RB&W is a company with its principle place of business in Ohio. Defendant William McKinley Buford III ("Buford") is a resident of Illinois and is the former Chairman and CEO of Reliant Enterprises, Inc. ("Reliant"). Corporations named

1

Reliant Holdings, Inc., and Capital Fasteners, Inc. are both wholly owned subsidiaries of Reliant. Reliant purchased Capital Fasteners, Inc. from RB&W in August of 1993. Part of the purchase agreement included Reliant placing $1,000,000 of the purchase price into escrow with National City Bank of Cleveland, Ohio. This money was to be a reserve for any environmental expenses that may arise for Capital Fasteners, Inc. The rest of the purchase price was to be paid by way of a promissory note. On August 15, 1993, Buford promised to pay $800,000 to RB&W, through a promissory note that was to mature on August 15, 1998.

On December 20, 1996, Buford and Reliant negotiated with RB&W to extend the maturity date of the promissory note to April 15, 2000. The new promissory note with the new maturity date is signed by Buford and provided that, "the entire principal balance, together with all unpaid accrued interest theron, shall be due in full and payable on April 15, 2000." (Compl. Ex. B). It is not disputed that Buford failed to pay RB&W the New Promissory Note's principal by April 15, 2000.

The New Promissory Note also contained the following warrant of attorney and confession of judgment clause:

> The undersigned authorizes any attorney at law at any time or times after the maturity hereof (whether maturity occurs by lapse of time or by acceleration) to appear in any state or federal court of record in the United States of America, to waive the issuance and service of process, to admit the maturity of this note and the nonpayment thereof when due, to confess judgment against the undersigned in favor of the holder of this Note for the amount then appearing due, together with interest and costs of suit, and thereupon to release all errors and to waive all rights of appeal and stay of execution. The foregoing warrant of attorney shall survive any judgment, and if any judgment

> be vacated for any reason, the holder hereof nevertheless may thereafter use the foregoing warrant of attorney to obtain an additional judgment or judgments against the undersigned.

(Compl. Ex B). In July of 2000, meetings occurred between Buford, representatives of Reliant, representatives of RB&W, and a representative of Park-Ohio Industries (who had acquired RB&W prior to 2000). The new promissory note was discussed at the meetings and an agreement was reached that funds from the $1,000,000 held in escrow were to be released in order to cover the remaining purchase price. On August 4, 2000, RB&W received payment in the amount of $189,870.95 released from the escrow account. One month later, an additional $10,129.05 was paid from the escrow account to RB&W. In March of 2001, Reliant made a payment of $40,000 to RB&W to cover interest for the period from July 11, 2000 through February 28, 2001. In July of 2001, Reliant made a payment to RB&W in the amount of $25,666.67. To this date, payments received on the principal balance of $800,000 equal $250,000, and $41,166.67 has been paid toward interest accrued. There remains $550,000 due on the principal plus accrued interest. RB&W moved this court for a default judgment against the defendant, which was granted. Buford then filed a motion to vacate default judgment and for leave to file his answer instanter, which was also granted. On April 7, 2005, we granted RB&W's motion for summary judgment. Buford asks the court to reconsider its ruling and RB&W

requests that the judgment entered on April 7, 2005 be entered in sum certain.

## LEGAL STANDARD

A party may move pursuant to Federal Rule of Civil Procedure Rule 59(e) ("Rule 59(e)") within ten business days of the entry of a judgment to alter or amend a final judgment. Fed. R. Civ. P. 59(e); Fed R. Civ. P. 6(a). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

I. Motion For Reconsideration

Buford argues that the court erred in granting RB&W's second motion for

summary judgment. Buford argues that this case should proceed onward to trial based upon his affidavit in which he indicates that a novation occurred, releasing him from liability. First of all, Buford's motion for reconsideration is improper because it is merely a reiteration of his arguments presented in opposition to RB&W's second motion for summary judgment. Buford does not point to any new evidence or arguments and is simply bombarding the court with the same arguments to see if the court will take a liking to his arguments and change its mind the second time around. As is explained above, such is not the proper purpose for a motion for reconsideration. Buford also states that the court's ruling "overlooks" a fact presented by him in opposition to RB&W's second motion for summary judgment. (Recon 2). However, the court in making its prior ruling fully considered all the facts presented by the parties.

Buford also argues that the court erred in finding that his affidavit was not sufficient to defeat RB&W's second motion for summary judgment. As we explained in our prior ruling, Buford must point to more than his own self-serving conclusory affidavit to proceed onward to trial. Under Buford's logic, if such a document was sufficient to proceed to trial, all a defendant would need to do in order to defeat a motion for summary judgment is write on a piece of paper "I swear that I am not liable to the defendant" and sign his name. However, such is not the current

law. In order to defeat a plaintiff's motion for summary judgment and proceed onward to trial, a defendant is required to point to sufficient evidence that would enable a reasonable trier of fact to find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A defendant is not entitled to go before the trier of fact and ask the trier of fact to speculate in the absence of evidence to find in the defendant's favor when there is reasonable evidence presented by the plaintiff to meet his burden of proof. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(a "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."). Therefore, we deny Buford's motion for reconsideration.

II. Motion to Amend

RB&W seeks to amend the judgment in this action to reflect the sum certain amount in damages of $1,418,248.00. Buford argues that a motion to amend is not the proper method to put forth an amount in sum certain. Buford argues that RB&W is required to ask the court first to vacate its final judgment and then ask for permission to engage in additional proceedings to resolve the damage amount issue. (MA A 2). We disagree and find that RB&W can seek to vacate or amend the judgment for the limited purpose of making the judgment sum certain.

Buford also argues that RB&W's motion to amend is deficient on its face because the motion does not specify the bases for the total amount requested. RB&W claims that, before RB&W filed its motion to amend, Buford himself was presented with a worksheet containing the figures used for the total calculation. RB&W also includes with its reply a supplemental declaration which provides more specificity regarding its damages calculations. However, such information should have been included with RB&W's motion to amend. RB&W cannot introduce such information in its reply brief after Buford has filed his answer brief. Therefore, we deny RB&W's motion to amend without prejudice. RB&W is given leave to file a renewed motion to amend by June 13, 2005. The motion should provide detailed information explaining the calculations used to arrive at the total damages amount. Also, any documents and materials used as a basis for the calculations should be attached to the renewed motion to amend as exhibits. The answer to the renewed motion to amend is due by June 20, 2005. The reply is due by June 27, 2005.

## CONCLUSION

Based on the foregoing analysis, we deny Buford's motion for reconsideration. We also deny RB&W's motion to amend the judgment without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 9, 2005